**IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Stephen Yang, | Case No: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| The Thought & Expression Company Inc., | JURY TRIAL DEMAND |
| Defendant. | |

Plaintiff Stephen Yang ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant The Thought & Expression Company Inc. ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Plaintiff Stephen Yang is a professional photojournalist based in New York City who has covered domestic and international news for more than a decade, including breaking news, crime, civil uprisings, immigration, politics, climate change, drug use, and environmental subjects.

3. Plaintiff's photojournalism has included coverage of major national and international events and long-form documentary projects, including the Standing Rock Sioux Tribe protests in North Dakota, social uprisings in Hong Kong and Baltimore, and hurricanes in Florida and Puerto Rico.

4. Plaintiff's photographs have been published and licensed by leading news and editorial organizations, including, among others, The New York Post, The New York Times, Reuters, The Wall Street Journal, Bloomberg News, Getty Images, Der Spiegel, and Newsweek.

5. Plaintiff's archive of photographic work is professionally syndicated and licensed

1

for editorial and commercial use, and Plaintiff derives income from licensing his photographs to publishers and other users.

6.    By reason of his training, professional practice, and experience, Plaintiff is a skilled photographer who exercises independent creative judgment in the creation of his photographs, and he is recognized within the photojournalism profession for his news and documentary work.

7.    Plaintiff created a series of photographs of New York executive Dan Rochkind and his fiancé Carly Spindel (the "*Photographs*"), in which Plaintiff owns the rights and licenses for various uses including online and print publications.

8.    Upon information and belief, defendant The Thought & Expression Company, Inc. is a digital media company that owns, operates, and monetizes the Website, thoughtcatalog.com, together with associated digital properties and social media channels, as the central assets of its commercial enterprise. Defendant operates as a publisher and creative agency, publishing articles, listicles, essays, and similar content directed primarily at a large online readership, often focusing on entertainment, culture, modern relationships, mental health, and personal growth content.

9.    As a key part of its business operations, Defendant owns and operates a website at thoughtcatalog.com (the "*Website*").

10.    Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

11.    Plaintiff is an individual who is a citizen of the State of New York and maintains a principal place of business in Queens County, New York.

12.    Defendant is a Virginia corporation with a principal place of business at 190 North 10th Street, Suite 305, Brooklyn in Kings County, New York.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

14.    This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

15.    Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.    Plaintiff's Copyright Ownership**

16.    Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

17.    Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

18.    Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

19.    Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

20.    On  April 12, 2017, Plaintiff first published a photograph of New York City executive Dan Rochkind ("*Photograph 1*").

21.    On June 22, 2017, Photograph 1 was registered by the USCO under Registration No. VA 2-055-141.

22.    On April 12, 2017, Plaintiff first published a photograph of Dan Rochkind and his fiancé Carly Spindel ("*Photograph 2*").

23.    On June 22, 2017, Photograph 2 was registered by USCO under Registration No. VA 2-055-141.

24.    Copies of these Photographs are  attached hereto as Exhibit 1.

25.    Plaintiff published the Photographs by commercially licensing them to the New York Post for the purpose of display and/or public distribution.

3

26.    In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

27.    Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.    Defendant's Infringing Activity**

28.    Defendant is the registered owner of the Website.

29.    Defendant is the operator of the Website.

30.    Defendant is responsible for its Website's content.

31.    The Website is a key component of Defendant's popular and lucrative commercial enterprise.

32.    The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

33.    The Website is monetized in that it sells merchandise to the public and, on information and belief, Defendant profits from these activities.

34.    Upon information and belief, Defendant is a sophisticated media company which owns a comprehensive portfolio and has advanced operational and strategic expertise in an industry where copyright is prevalent.

35.    Upon information and belief, Defendant has operated the Website as a commercial digital media platform since 2010, and the Website is the principal property through which Defendant generates revenue.

36.    Upon information and belief, Defendant's business model depends on attracting and monetizing a high volume of reader traffic to the articles published on the Website.

37.    Upon information and belief, Defendant generates revenue principally through (a) display and banner advertising served on the Website, (b) sponsored and branded content, and (c) affiliate-marketing commissions, including as a participant in the Amazon Services LLC Associates Program, through which Defendant earns commissions on purchases made through

4

links embedded in its articles.

38.     Upon information and belief, the revenue Defendant earns from advertising, sponsored content, and affiliate links displayed on or alongside an article increases as the number of readers, page views, and clicks that the article attracts increases.

39.     Upon information and belief, Defendant has attracted very large volumes of reader traffic to the Website, at times exceeding tens of millions of unique visitors per month, and a substantial portion of that traffic is driven by the sharing and promotion of Defendant's articles across social media.

40.     Upon information and belief, the distribution and promotion of Defendant's articles through social media is integral to Defendant's business model, because social sharing drives reader traffic to the Website, and that traffic in turn drives the advertising, sponsored-content, and affiliate revenue from which Defendant profits.

41.     Upon information and belief, the article that is the subject of this action, which concerned a widely discussed and "viral" social-media controversy, was created and published by Defendant to attract reader traffic and social-media sharing, and the Photographs were copied and displayed as part of that article in order to illustrate it and to increase its appeal to readers.

42.     Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that images used in their articles have been properly licensed.

43.     Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

44.     Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

45.     Defendant's failure to adopt or effectively enforce internal copyright policies, if

any, indicates *de facto* willful infringement.

46.     On or about April 13, 2017, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Photographs on the Website as part of an on-line story at URL : https://thoughtcatalog.com/callie-byrnes/2017/04/this-man-says-he-wont-date-hot-women-anymore-and-now-everyone-is-savagely-roasting-him-on-twitter/    (“*Infringements 1-13*”). Copies of the screengrabs depicting the Infringements are attached hereto as Exhibit 2.

47.     The Photographs were  intentionally and volitionally copied and stored by Defendant at URL: https://pbs.twimg.com/media/C9QlB9iXoAEs4eD?format=jpg&name=small.

48.     The Infringement is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant

49.     Plaintiff first observed the Infringement on June 22, 2023 .

50.     Upon information and belief, the Photographs were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs.

51.     The Infringements includes a URL (“*Uniform Resource Locator*”) for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

52.     Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Photograph.

53.     Upon information and belief, Defendant directly contributes to the content posted on the Website by *inter alia*, employing reporters, authors and editors, including but not limited to Callie Byrnes who was listed as a “Writer, Editor, and Publisher” and is now listed as an “Editorial Director” on the Defendant's Website (the “*Employees*”).

54.     Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they created the Infringement.

55.     Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they created the Infringement.

56.     Upon information and belief, the Photographs were willfully and volitionally posted to the Website by Defendant.

57.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

58.     Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

59.     Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website.

60.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

61.     Upon information and belief, Defendant monitors the content on its Website.

62.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

63.     Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising revenues and/or merchandise sales.

64.     Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

65.     Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

66.     Defendant's use of the Photographs harmed the actual market for the Photographs.

7

67.    Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

68.    On or about  July 24, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work via email and mail.

69.    Thereafter, on April 21, 2026, April 28, 2026 and May 19, 2026 Plaintiff, via counsel, served follow up letters seeking to address said complaints directly with Defendant in an attempt to avoid litigation.

70.    Despite Plaintiff's efforts and willingness to address Defendant's infringing activity[Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

71.    As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

72.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

73.    The Photographs are an original, creative work in which Plaintiff owns valid copyrights.

74.    The Photographs are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

75.    Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

76.    Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

8

77.     Defendant's reproduction of the Photographs and display of the Photographs constitutes willful copyright infringement.

78.     Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority.

79.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

80.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

81.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
### (Vicarious Copyright Infringement)

82.     Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

83.     Upon information and belief, at all material times hereto, Defendant had the right and ability to supervise and/or control the infringing conduct of its Employees, Agents, Affiliates, Vendors and/or members and declined to exercise the right and ability to supervise or control that infringing conduct despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

84.     As a direct and proximate result of such refusal to exercise its right to stop or limit

9

the infringing conduct, Defendant has continued to infringe upon Plaintiff's Photograph, which in turn generates profits for Defendant directly from the use of the Infringement.

85.    Defendant enjoyed a direct financial benefit from the Infringement from *inter alia*, advertising revenue from the increased traffic to its Website and from increase in fees paid by advertisers and sponsors.

86.    Upon information and belief, Defendant enjoyed a direct financial benefit from using the appeal or "draw" of Plaintiff's Photographs to increase user traffic to the Website, thereby increasing advertising revenue.

87.    Defendant is liable as a vicarious infringer since it profited from the Infringement while declining to exercise a right to stop or limit it.

88.    Upon information and belief, Defendant willfully vicariously infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

89.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each work infringed pursuant to 17 U.S.C. § 504(c).

90.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

91.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C. § 502.

### JURY DEMAND

92.    Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding

10

that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: June 19, 2026

SANDERS LAW GROUP

By: ___ */s/ Craig Sanders* ___
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 127377

*Attorneys for Plaintiff*

11